UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                    Case No. 2:20-cv-769-JLB-NPM

JOHN H. FARO,

      Defendant.

_____

**ORDER**

Before the Court is Plaintiff's Second Motion to Extend Time to Serve Defendant John H. Faro (Doc. 15). Faro is an attorney licensed to practice in Florida, and he both resides and maintains "virtual" or "executive" offices (as those terms are defined in Fla. Stat. § 48.031(6)) in Florida. In this civil action for unpaid federal income taxes, the United States has made multiple attempts over the past few months to obtain a waiver of service from, or effect formal service of process on, Faro by corresponding and speaking with him and by sending process servers to his home and offices on numerous occasions. (Docs. 15, 20).

As an individual who is neither a minor nor (presumably) incompetent, Faro "has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). As a member of The Florida Bar, Faro is further obliged to "conduct [himself] to assure the just, speedy, and inexpensive determination of every action

and resolution of every controversy." *See* The Florida Bar Creed of Professionalism; *cf.* Florida Bar Professionalism Expectation § 3.1 ("A lawyer must not engage in dilatory or delay tactics."). And if he has been within the United States after the government first requested a waiver of service, Faro is liable for "the expenses later incurred in making service" and "the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2).

Nevertheless, when reached by phone, Faro told counsel for the United States that he would not return a Rule 4(d) waiver of service. (Doc. 20, ¶ 3). Currently, the government awaits Faro's response to the use of substitute service under Florida Statute Section 48.161. (Doc. 20). By this Order, ***Faro is directed to supply to counsel for the United States any return receipt for the substitute service by April 5, 2021.*** *See* Fla. Stat. § 48.161 ("the defendant's return receipt … shall be filed on or before the return day of the process or within such time as the court allows"). To apprise Faro of the Court's directive, the United States shall immediately mail and email a copy of this order to him utilizing the contact information that Faro supplied to the Florida Bar and any other contact information the United States has obtained for him. A notice of compliance should be filed within two weeks of this order. And nothing in this order precludes any further effort to effect personal service of process or obtain a Rule 4(d) wavier of service.

Accordingly, the Second Motion to Extend Time to Serve Defendant John H. Faro (Doc. 15) is **GRANTED**. The Court extends the deadline to effect service to May 14, 2021.

**DONE** and **ORDERED** in Fort Myers, Florida on March 15, 2021.

_Nicholas P. Mizell_
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE