IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 2:20-cv-769-JLB-NPM |
| | ) | |
| JOHN H. FARO, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**UNITED STATES' MOTION FOR ORDER DECLARING
DEFENDANT JOHN H. FARO SERVED WITH PROCESS
WITH SUPPORTING MEMORANDUM OF LAW**

Plaintiff, United States of America, respectfully moves the Court to issue an Order declaring defendant John H. Faro served with process.

The United States initiated this action to collect Faro's unpaid federal income tax liabilities for the 2004 through 2012, 2013, and 2015 tax years. ECF No. 1.  Although Faro was made aware of the lawsuit in a telephone call with undersigned counsel on November 8, 2020, the United States' diligent efforts to personally serve Faro with service of process have been unsuccessful.  Consequently, the United States served Faro by substituted service of process upon the Florida Secretary of State in accordance with Fla. Stat. § 48.161, by mailing copies of the pleadings to the Florida Secretary of State and Faro by U.S. Certified Mail return receipt requested.  Substituted

service is valid under Fla. Stat. § 48.161 despite the absence of postal receipts from Faro because Faro is aware of this lawsuit and is voluntarily and deliberately evading service.  Accordingly, the Court should enter an Order declaring Faro served with process.

## I.    BACKGROUND

### A. Efforts to Personally Serve Defendant John H. Faro

On October 2, 2020, the United States filed a complaint to collect Defendant John H. Faro's unpaid federal income tax liabilities for the 2004 through 2013 and 2015 tax years.  ECF No. 1.  Upon receipt of the certified summons, the United States mailed copies of the Complaint, summons, and a request to waive service[1] by Federal Express to Faro's last known address in Bonita Springs, Florida.  ECF No. 20, ¶ 2.  The courier was told by the current occupant that Faro no longer resided at the Bonita Springs address. *Id.*

As recounted in the Affidavit of Compliance with Florida Statute § 48.161, on November 3, 2020, the undersigned contacted Faro by telephone. *Id.* at ¶ 3.  The undersigned introduced herself as counsel for the United States, and advised Faro that the Government had filed a civil lawsuit

---

[1] Due to the COVID-19 pandemic, the United States is requesting that defendants waive personal service of process.

2

against him, and that the United States had mailed him documents requesting that he waive service of process of the summons and the Complaint. *Id.* The undersigned explained that federal lawsuit had been filed against him to collect unpaid federal income taxes. *Id.* Faro, a licensed attorney, said that he would respond to the Complaint once he was personally served and hung up the phone. *Id.* The undersigned tried calling Faro back at the same number, but the call when straight to voicemail. *Id.*

On November 10, 2020, the United States retained MercuryServe, Inc., a process serving company, to effectuate service of process upon the defendant. *Id.* at ¶ 4. The undersigned counsel for the United States provided MercuryServe with the latest address information for the defendant obtained from public records searches, such as Faro's business website, and nonpublic record searches conducted by the undersigned using such tools as PeopleMap on Thomson Reuters Westlaw. *Id.*

Using Faro's latest address obtained by the United States, the process servers attempted to personally serve Faro at the addresses listed below:

1395 Brickell Avenue
Suite 800
Miami, Florida 33131

1200 Federal Highway
Suite 200
Boca Raton, Florida 33432

999 Vanderbilt Beach Road

3

Suite 200
Naples, Florida 34108

1050 Brickell Avenue
Apt. 1412
Miami, Florida 33131

The process server left copies of the Complaint and summons at Faro's "virtual offices" in Miami and Boca Raton, Florida, whose addresses are listed above, but was unable to serve Faro at his residential address in Miami, Florida. *Id.* at ¶ 5. *See also* ECF No. 20-1 and 20-2. The process server confirmed that Faro resides at 1050 Brickell Avenue, Apt. 1412, Miami, Florida, but was informed by a security officer at the apartment building that Faro had been out of town during the holiday season. ECF No. 20, ¶ 6.

On December 23, 2020, the United States filed a motion for an extension of the deadline to serve Faro because the United States had reasons to believe that he was deliberately evading service. ECF No. 5. Since January 8, 2021, a process server attempted to serve Faro at his residential address on five different occasions. ECF No. 20, ¶ 6. On each attempt, Faro has not answered when the process server knocked on the apartment door. *Id.* The process server also left a voicemail on Faro's personal cell phone, but Faro never returned the process server's phone call to arrange for service of process to be effectuated. *Id.* *See also* ECF No. 20-4.

The United States moved for a second extension of time to serve Faro with process.  ECF No. 15.  The Court granted the second extension motion (ECF No. 21), and directed the United States to provide Faro with copies of its Order.  In addition to the Order, the United States sent another waiver of service form to Faro by email[2] and by Federal Express to his business and residential addresses in Miami, Florida.  ECF No. 22.  Faro never returned an executed waiver of service form.

### B. Service by Substituted Service Under Fla. Stat. § 48.161

On February 9, 2021, the United States filed an Amended Complaint to allege facts that bring the defendant within the purview of the statute for substitute of service.  *See* Fla. Stat. § 48.161.  *See* ECF No. 8.  On February 17, 2021, the United States served Faro in accordance with Fla. Stat. § 48.161, by mailing copies of the Summons and Amended Complaint by U.S. Certified Mail return receipt requested to the Florida Secretary of State.  *See* Duncan Decl. ¶ 2, Ex. A.  *See also* ECF No. 20-5.  On February 19, 2021, the United States served identical copies of these pleadings on Faro by U.S. Certified Mail return receipt requested at 1050 Brickell Avenue, Apt. 1412, Miami, Florida 33131.  *See* Duncan Decl. ¶ 3, Ex. B.  *See* also ECF No. 20-6.

---

[2]  Faro's email address, johnf75712@aol.com, is on file with the Florida State Bar, and has been used by Faro to receive CM/ECF notifications.  *See e.g.*, *Raptor LLC v. Barriero Construction et al.*, No. 1:17-cv-23737 (S.D. Fla.).

In concert with the above mailings, the United States filed a Notice of Service of Process Upon Defendant John H. Faro by Serving Florida Secretary of State with the Court, which informed Faro of the deadline to file his response to the Amended Complaint.  *See* ECF No. 14.  Furthermore, on March 11, 2021, the United States filed an Affidavit of Compliance pursuant to Fla. Stat. § 48.161 describing efforts to serve the Florida Secretary of State and Faro under the statute.  *See* ECF No. 20.  The United States also filed tracking information from the U.S. Postal Service's website confirming the Florida Secretary of State's receipt of substituted service on behalf of Faro.  *See* Duncan Decl. ¶ 4, Ex. C.  *See also* ECF No. 20-7.  The U.S. Postal Service's website confirms that copies of the pleadings were delivered to Faro at 1050 Brickell Avenue, Apt. 1412, Miami, Florida 33131 on February 25, 2021.  *See* Duncan Decl. ¶ 5, Ex. D.  *See also* ECF No. 20-8.  The United States received correspondence from the Florida Secretary of State stating that substitute service of process was accepted for Faro on March 9, 2021.  *See* Duncan Decl. ¶ 6, Ex. E.

## II.    DISCUSSION

### A. Substituted Service Pursuant to Fla. Stat. § 48.161

Rule 4 of the Federal Rules of Civil Procedure provides that a defendant can be served process by following state law.  *See* Fed. R. Civ. P. 4(e)(1); *Manufacturers Hanover Trust Co. v. Ponsoldt*, 51 F.3d 938 (11th Cir.

6

1995).  Under Florida state law, personal service may be made on the

Secretary of State pursuant to Fla. Stat. § 48.161 when a person is concealing

his whereabouts as follows—

> When authorized by law, substituted service of process on a . . .
> person who conceals his or her whereabouts by serving a public
> officer designated by law shall be made by leaving a copy of the
> process with a fee of $8.75 with the public officer or in his or
> her office or by mailing the copies by certified mail to the
> public officer with the fee. . . . Notice of service and a copy of
> the process shall be sent forthwith by registered or certified
> mail by the plaintiff or his or her attorney to the defendant,
> and the defendant's return receipt and the affidavit of the
> plaintiff or his or her attorney of compliance shall be filed on or
> before the return day of the process or within such time as the
> court allows . . .

See Fla. Stat. § 48.161.  *See also United States v. Cornwell*, 2020 U.S. Dist.

LEXIS 23409, at *8-*9, 2020 WL 674092 (M.D. Fla. Feb. 11, 2020).

To support substituted service of process under the statute, the

complaint must allege the jurisdictional requirements prescribed by statute

including the ultimate facts bringing the defendant within the purview of the

statute.  *See Dixon v. Blanc*, No. 19-12251, 796 F. App'x 684, 687 (11th Cir.

2020); *Atlantis Marine Towing Salvage & Servs. V. M/Y O'Machine*, 2019

U.S. Dist. LEXIS 142976 at *7; 2019 WL 5209153 (S.D. Fla. Aug. 21, 2019).

In addition, compliance with the substituted service statute requires: (1)

sending the process to the Secretary of State by certified mail; (2) sending

notice of service and the process to the defendant by registered or certified

7

mail; and (3) filing the return receipt for the defendant's mailing and an affidavit of compliance on or before the return day of the process or within such time as the court allows. *Id. See also Cornwell*, 2020 U.S. Dist. LEXIS 23409 at *9. However, the court may dispense with the filing of a postal receipt from the defendant if the substituted service statute is invoked on the ground that the defendant is evading service. *See Sea Pack, Inc. v. Trans-Jam Express Shipping Co.*, 2013 U.S. Dist. LEXIS 128182 at *2 (S.D. Fla. 2013). *See also Cornwell* 2020 U.S. Dist. LEXIS 23409 at *4; *United States v. Hovnanian*, 2019 U.S. Dist. LEXIS 85805, 2019 WL 2206767 (D.N.J. May 22, 2019); *Verizon Trademark Servs., LLC v. Producers, Inc.*, 2011 U.S. Dist. LEXIS 84756, 2011 WL 3296812 (M.D. Fla. Aug. 2, 2011).

Before using the substitute service statute, a plaintiff must demonstrate the exercise of due diligence in attempting to locate the defendant. *See MPM 17A STR, LLC v. Spitalnic*, 2015 U.S. Dist. LEXIS 92551 (S.D. Fla. 2015); *see Nova Cas. Co. v. Just Beach Inn, LLC*, 2013 U.S. Dist. LEXIS 197489 (S.D. Fla. 2013). See also Verizon, 2011 U.S. Dist. LEXIS 84756. Thus, a court determines "not whether it was in fact possible to effect personal service in a given case, but whether the [plaintiff] reasonably employed knowledge at [plaintiff's] command, made diligent inquiry, and exerted an honest and conscientious effort appropriate under the circumstances to acquire information necessary to enable [plaintiff] to effect

personal service on the defendant." *See Verizon*, 2011 U.S. Dist. LEXIS 84756 at *9-*10. As shown below, the United States made a diligent inquiry and effort to serve the defendants personally and complied with Florida Statute § 48.161.

**B. The United States Has Undertaken Diligent Efforts to Personally Serve Defendant John H. Faro**

The United States reasonably explored knowledge at its command and made diligent inquires and efforts in attempting to locate and serve Faro with process. Following receipt of the executed summons, the United States mailed copies of the Complaint, summons, and a request to waive service by Federal Express to Faro's address in Bonita Springs, Florida. The courier was told by the current occupant that Faro no longer resided at the Bonita Springs address.

The United States also attempted to coordinate service of process with Faro by telephone. On November 3, 2020, counsel for the United States contacted Faro by telephone, advised him of the civil lawsuit filed against him to collect unpaid federal income taxes, and explained that the Government was trying to serve him with process. Faro would not agree to waive personal service of process and hung up the telephone.

Furthermore, MercuryServe unsuccessfully attempted personal serve Faro at his business addresses in Miami, Boca Raton, and Naples, Florida

addresses and at his residential address in Miami, Florida.  Although the
process servers were able to deliver copies of the pleadings and summons at
his "virtual offices" in Miami and Boca Raton, Florida, they were unable to
serve Faro personally.

Despite these numerous and diligent attempts, the United States is
unable to serve Faro with process because he is deliberately concealing his
whereabouts.  Accordingly, the United States reasonably employed
knowledge at its command, made diligent inquiry, and exerted an honest and
conscientious effort appropriate to the circumstances, to acquire the
information necessary to enable it to effect service, albeit unsuccessfully.  *See
Nova*, 2013 U.S. Dist. LEXIS 197498 at *4; *Spitalnic*, 2015 U.S. Dist. LEXIS
92551 at *5.  *See also Cornwell*, 2020 U.S. Dist. LEXIS 23409 at *10-*11.

## C. <u>Substituted Service is Valid Under Fla. Stat. § 48.161</u>

The United States properly served Faro by substituted service of
process upon the Florida Secretary of State pursuant to Fla. Stat. § 48.161.
*Atlantis Marine Towing Salvage & Servs.*, 2019 U.S. Dist. LEXIS 142976 at
*7; *Cornwell*, 2020 U.S. Dist. LEXIS 23409 at *9.  To begin, the United States
amended its complaint to bring the case into the purview of the statute by
alleging facts concerning Faro's deliberate evasion of personal service.  The
United States then mailed the pleadings via U.S. Certified Mail return
receipt requested to the Florida Secretary of State with copies of same to

Faro via U.S. Certified Mail return receipt requested on February 17 and 19, 2021, respectively, in accordance with the statute.  *See* Duncan Decl. ¶¶ 2-3, Exs. A & B.  The United States also filed an Affidavit of Compliance with the Court on March 11, 2021 within 21 days of the date of service of the Florida Secretary of State in accordance with Fla. Stat. § 48.161.  *See* ECF No. 20. The United States also received correspondence from the Florida Secretary of State confirming acceptance of substitute service on behalf of Faro on March 9, 2021.  *See* Duncan Decl. ¶ 6, Ex. E.  To date, the United States has not received any postal receipts signed by Faro from the U.S. Post Office concerning the pleadings that were mailed to Faro on February 17, 2021, although the U.S. Postal Service's website confirms that copies of the pleadings were delivered to Faro at his residential address in Miami, Florida on February 25, 2021.  *See* Duncan Decl. ¶ 5, Ex. D.  *See also* ECF No. 20-8.

Notwithstanding the lack of a postal receipt from Faro, substituted service under Fla. Stat. § 48.161 is valid.  As explained above, to properly effect substituted service under Fla. Stat. § 48.161, a plaintiff is required to file a defendant's return receipt with the Court.  *See* Fla. Stat. § 48.161. However, there is an exception to this requirement where the defendant is concealing his or her whereabouts.  *See Sea Pack, Inc.*, 2013 U.S. Dist. LEXIS 128182 at *5.  *See also Verizon*, 2011 U.S. Dist. LEXIS 84756 at *15 ("[w]hen a resident conceals his whereabouts, obviously it is impossible to serve him

by mail or otherwise.  When a defendant makes it impossible for the plaintiff to serve him by mail or otherwise, the failure to file defendant's return receipt does not prevent this court from acquiring jurisdiction").  The exception is applicable here because Faro was notified of this lawsuit by counsel for the United States on November 3, 2020 and despite repeated attempts by process servers to serve him at locations that were confirmed to be occupied by Faro, he has not been served with process because he is voluntarily and deliberately concealing his whereabouts.  Furthermore, Faro, a licensed attorney, refused to waive service of process, despite being requested to do so numerous times either by telephone, e-mail, and U.S. Certified Mail.  Therefore, substituted service is valid under Fla. Stat. § 48.161, and the Court should declare Faro served with process.  *See, e.g., Verizon*, 2011 U.S. Dist. LEXIS 84756 at *16 ("With knowledge of this action, [defendant] cannot be allowed to avoid personal and substitute service of process by failing to retrieve his own mail, by voluntarily remaining outside the jurisdiction of this Court and by failing to provide relevant information about his whereabouts to Plaintiffs in order to permit personal service of the Amended Complaint.").  *See also Hovnanian*, 2019 U.S. Dist. LEXIS 85805 (granting United States' motion to have defendant declared served after repeated unsuccessful efforts at personal service).

### III.   CONCLUSION

The United States engaged in a diligent search to locate and serve Faro and properly effectuated substituted service of process on Faro through the Florida Secretary of State in accordance with Fla. Stat. § 48.161.  Service is valid under Fla. Stat. § 48.161 despite the inability to file postal receipts from Faro because Faro is deliberately evading service.  Therefore, the Court should enter an Order declaring Faro served with process.

### LOCAL RULE 3.01(g) CERTIFICATION

The undersigned counsel is unable to comply with the requirement to confer with Defendant John H. Faro under Local Rule 3.01(g) because Faro is believed to be deliberately concealing his whereabouts.

Dated:  April 12, 2021

Respectfully submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General

*s/ Elizabeth N. Duncan*
ELIZABETH N. DUNCAN
Virginia State Bar No. 90685
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C.  20044
202-514-6546 (v)
202-514-4963 (f)
Elizabeth.N.Duncan@usdoj.gov

Of Counsel:

KARIN HOPPMANN
United States Attorney
Middle District of Florida

### CERTIFCATE OF SERVICE

I certify that a copy of the foregoing was filed electronically through the Court's ECF/PACER filing system on April 12, 2021.  A copy of the foregoing is also being served on the defendant by email and by Federal Express at their last known address listed below:

John H. Faro
1050 Brickell Ave., Apt. 1412
Miami, Florida 33131
Johnf75712@aol.com

*/s/ Elizabeth N. Duncan*
ELIZABETH N. DUNCAN
Trial Attorney, Tax Division