UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                         Case No. 2:20-cv-769-JLB-NPM

JOHN H. FARO,

    Defendant.
_____

**ORDER**

Before the Court is Plaintiff's Motion for Order Declaring Defendant John H. Faro Served with Process. (Doc. 23). For the reasons discussed below, the Motion is denied without prejudice.

In this civil action to collect unpaid federal income tax liabilities owed by Defendant John H. Faro, the United States seeks an order declaring Faro properly served with process. (Doc. 23). To serve an individual within a judicial district of the United States,[1] Rule 4(e)(1) provides, among other things, that a defendant may be served by following the law of the state in which the district court is located. Here, the United States attempted to serve Faro by substitute service on the Florida

---

[1] If the United States can establish that Faro is not within a judicial district of the United States, then it may proceed to serve him under Rule 4(f), which allows the Court to grant leave for service by email under Rule 4(f)(3) if compliance with Rule 4(f)(1) and Rule 4(f)(2) either does not apply or should be excused.

Secretary of State. The United States argues that this form of substitute service is authorized by Florida Statute section 48.161. This statute states in pertinent part:

> **48.161 – Method of substituted service on nonresident.**
>
> *When authorized by law*, substituted service of process on a nonresident or a person who conceals his or her whereabouts by serving a public officer *designated by law* shall be made by leaving a copy of the process with a fee of $8.75 with the public officer or in his or her office or by mailing the copies by certified mail to the public officer with the fee …. Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his or her attorney to the defendant, and the defendant's return receipt and the affidavit of the plaintiff or his or her attorney of compliance shall be filed on or before the return day of the process or within such time as the court allows, or the notice and copy shall be served on the defendant, if found within the state, by an officer authorized to serve legal process, or if found without the state, by a sheriff or a deputy sheriff of any county of this state or any duly constituted public officer qualified to serve like process in the state or jurisdiction where the defendant is found. The officer's return showing service shall be filed on or before the return day of the process or within such time as the court allows.

Fla. Stat. § 48.161(1) (emphasis added).

Thus, as stated in its title, section 48.161 sets forth the "method" of substitute service, rather than any authorization to serve by substitute service. There are several Florida service-of-process statutes that authorize substitute service and designate the public officer for receipt of same. For example, by operation of Florida Statute section 48.19, any nonresident who operates an aircraft or watercraft in Florida, or any resident who does so and then becomes a nonresident or conceals his or her whereabouts, thereby appoints the Florida Secretary of State as their agent for service of process for any action arising from their involvement in an accident or

collision that occurred while they operated an aircraft or watercraft in the state. Florida Statute section 48.171 provides much the same thing for actions arising from the operation of motor vehicles in the state. And Florida Statute section 48.181 does the same for actions arising from the operation of a business in the state. But it appears that no Florida service-of-process statute either authorizes substitute service or designates a public official for receipt of same for the type of action advanced in this case. Moreover, the United States has not made any attempt to show that the phrase "following state law" in Rule 4(e)(1) is not limited to following the express terms of a state's service-of-process statutes and instead includes decisions of state courts that have allowed substitute service without—and arguably in contravention of—statutory authority. *See Koster v. Sullivan*, 160 So. 3d 385, 388 (Fla. 2015) ("Statutes governing service of process must be strictly construed and enforced." And when "the statutes point out the mode of acquiring jurisdiction over the person, it must be strictly pursued.") (citations omitted); *Shurman v. Atl. Mortg. & Inv. Corp.*, 795 So. 2d 952, 955 (Fla. 2001) ("provisions for substituted service, being in derogation of the common law, must be strictly construed") (quoting with approval *Fid. & Deposit Co. of Md. v. Abagnale*, 234 A.2d 511, 519 (N.J. 1967)).

Even if Florida Statute section 48.161 authorized substitute service for the type of action presented here—based on Faro concealing his whereabouts—and

3

somehow designated the Secretary of State as the agent for such service,[2] the United States has not shown that resort to substitute service would be appropriate.

The United States contacted Faro by phone, but he would not agree to waive service of process and said he would only respond to the complaint when personally served. (Doc. 20, ¶ 3). The United States then made multiple attempts to personally serve Faro in Miami and Boca Raton, Florida, where Faro is believed to be residing and operating a law practice. (Doc. 20, ¶¶ 5-6). During November and December 2020, service was attempted on six occasions at Faro's virtual office locations and on four occasions at Faro's residence. (Docs. 20-1—20-3). But when confirming Faro's residence, the process server was told by a security officer that Faro was out of town for the holiday season. (Doc. 20, p. 3). In January 2021, there were five additional attempts to serve Faro at his residence. (Doc. 20-4). But during the weeks that service of process was attempted, no one appeared to be "coming or going" from Faro's residence because the door remained marked from previous attempts. (Docs. 20-1, 20-4). In sum, without any apparent investigation or surveillance to identify Faro's actual whereabouts, the process servers repeatedly visited a residence despite being told that Faro was out of town, and simply left copies of the summons and complaint at some virtual-office locations.

---

[2] Notably, Florida Statute section 48.161 is entirely silent about who the designated public officer might be.

4

When courts, including this one, have allowed litigants to use Florida Statute section 48.161—standing alone, and not in conjunction with any other statute—as authorization for substitute service on the Secretary of State, they have required a conscientious investigation to identify and locate the defendant and a diligent effort to effect personal service. *See*, *e.g.*, *Verizon Trademark Servs., LLC v. Producers, Inc.*, No. 8:10-cv-665-T-33EAJ, 2011 WL 3296812, *3 (M.D. Fla. Aug. 2, 2011). But the United States has failed to adequately demonstrate that Faro is actively concealing his whereabouts. *Compare Guenette v. Johnson Enter. Unlimited, Inc.*, No. 5:12-cv-483-OC-10PRL, 2013 WL 274174, *2 (M.D. Fla. Jan. 24, 2013) (finding an affidavit of nonservice and unreturned voicemails inadequate to show concealment), *with Verizon,* 2011 WL 3296812, at *5 (finding a plaintiff's attempts for personal service diligent when, after multiple unsuccessful attempts at personal service were made, plaintiff's counsel ordered surveillance of the defendant's home and interviewed neighbors), *and Robb v. Picarelli*, 319 So. 2d 645, 647 (Fla. 3d DCA 1975) (finding plaintiff had adequately demonstrated concealment after contacting the defendant's family members, using private detectives, checking online databases like the Florida Registry of Motor Vehicles, and making inquiries with various police departments).

Because Florida's service-of-process statutes do not authorize substitute service on the Florida Secretary of State for the type of action presented in this case,

and because resort to substitute service for a defendant concealing his whereabouts—even if authorized by state law—is not adequately supported here, the Motion for Order Declaring Defendant John H. Faro Served with Process (Doc. 23) is **DENIED** without prejudice. By **April 29, 2022**, Plaintiff must effect personal service of process and file proof of same.

    **ORDERED** in Fort Myers, Florida, on January 12, 2022.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE