# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 2:20-cv-769-JLB-NPM

JOHN H. FARO,

    Defendant.

## ORDER

The United States of America brings this action to collect federal income tax allegedly owed by defendant John Faro. (Doc. 8). In response, Faro asserts two affirmative defenses related to the government's prior rejection of his offer of compromise. First, he argues the government's rejection violated federal statutes and regulations pertaining to offers of compromise. Second, he argues the rejection also violated the United States Constitution because the government allegedly discriminated against Faro based on his status as an attorney. (Doc. 42-1 at 3-8). The government moves to strike these affirmative defenses. (Doc. 50). For the reasons discussed below, the court denies the motion.

An affirmative defense is an assertion by a defendant that, if true, will defeat a plaintiff's claim, even if all of the allegations of the complaint are true. *Fed. Deposit Ins. Corp. for Superior Bank v. Hall*, No. 8:14-cv-834-T-24 TGW, 2016 WL

7325590, *2 (M.D. Fla. Aug. 29, 2016) (citation omitted). Under Rule 12(f), a court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Though motions to strike are permitted, they are considered a "drastic remedy, which is disfavored by the courts and will usually be denied" except under certain circumstances. *Thompson v. Kindred Nursing Centers E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002).

Affirmative defenses should be stricken only if they are facially insufficient as a matter of law. *See United States Sec. & Exch. Comm'n v. Spartan Sec. Grp., LTD*, No. 8:19-cv-448-T33-CPT, 2019 WL 3323477, *2 (M.D. Fla. July 24, 2019). The movant must show "the affirmative defenses have no possible relationship to the controversy, may confuse the issues, or otherwise cause prejudice to [the movant]." *Am. Mariculture, Inc. v. Syaqua Americas, Inc.*, No. 2:20-cv-711-JES-MRM, 2021 WL 3732915, *2 (M.D. Fla. Aug. 24, 2021).

Here, the government argues that Faro's offer-of-compromise affirmative defenses are insufficient as a matter of law because (1) evidence of a settlement is inadmissible to disprove the validity of a claim, (2) the Anti-Injunction Act and the Declaratory Judgment Act bar the defenses, and (3) the IRS cannot be compelled to accept an offer of compromise. But striking affirmative defenses is a "drastic remedy," and the government fails to meet its burden. *Thompson*, 211 F. Supp. 2d at 1348.

First, it is unclear how the potentially limited admissibility of evidence at trial might bear on the issue of striking Faro's defenses at the outset. In any event, Faro is not using the offer of compromise to "prove or disprove the validity or amount of a disputed claim" as contemplated by Federal Rule of Evidence 408. Faro is not using the offer of compromise to disprove that he owes taxes or to prove he only owes a certain amount. Rather, Faro's defenses are an attempt to show that this lawsuit is improper because it stems from the IRS's allegedly unlawful consideration of his offer of compromise.

The government's second and third contentions fail as well. Faro is not maintaining a suit for the purpose of restraining the collection of taxes.[1] And nowhere does Faro request the court to compel acceptance of his offer of compromise. As for the government's related point that the administrative appeal process provides the only means to review an offer of compromise, Faro did not bring this action to challenge the offer-of-compromise process. Faro invokes the compromise process only defensively, and the government provides no authority striking such a defense.

That is not to say the government's arguments are completely without merit. Rather, they are ill-suited for a motion to strike, especially in light of the novelty of

---

[1] The court appreciates the government's candid filing of a notice of supplemental authority on this argument. (Doc. 61).

Faro's arguments. The government cannot show these arguments have "no possible relationship to the controversy." *Am. Mariculture, Inc.*, 2021 WL 3732915, at *2. Accordingly, the government's motion to strike (Doc. 50) is denied. The clerk is directed to separately docket Faro's answer.[2] (Doc. 42-1).

**ORDERED** on February 22, 2023.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

---

[2] Faro's answer was docketed as an exhibit to his motion for more time to respond to the complaint. (Doc. 42-1).